JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

ANDREW P. CAPUTO (CABN 203655)
CHRISTINE Y. WONG (NYBN 3988607)
Assistant United States Attorneys
    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
Fax: (415) 436-7234
E-Mail: andrew.caputo@usdoj.gov
E-Mail: christine.wong@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> JOSEPH WILLIS, JR., <br>     Defendant. | No. CR 08-0884 VRW <br><br> UNITED STATES'S SENTENCING MEMORANDUM <br><br> Date: December 17, 2009 <br> Time: 11:00 a.m. |

Defendant Joseph Willis, Jr., has pled guilty to distributing more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). He entered his guilty plea immediately prior to jury selection, pursuant to a Rule 11(c)(1)(C) plea agreement that provides for a sentence of 102 months' imprisonment. He is now before the Court for sentencing. The probation office concurs with the prison sentence contained in the plea agreement. Because that sentence is reasonable and appropriate in light of the sentencing factors specified at 18 U.S.C. § 3553(a), the United States respectfully asks the Court to accept the plea agreement and to sentence defendant to 102 months' imprisonment, 4 years' supervised release, and a $100 special

assessment.

## FACTS

Defendant is a member of the Oakdale Mob, a criminal street gang active in the Bayview section of San Francisco. The Oakdale Mob engages in narcotics trafficking and acts of violence. Because of defendant's gang affiliation, the Federal Bureau of Investigation ("FBI") targeted him for investigation and directed Deneal Bobo, an undercover source working with the FBI, to attempt to purchase narcotics from him. Presentence Report ("PSR") ¶ 53.

On the afternoon of January 16, 2008, Mr. Bobo spoke with defendant by telephone and arranged to purchase half an ounce of crack cocaine from him. The men agreed to meet in the parking lot of a donut shop in San Francisco to complete the drug transaction. The FBI fitted Mr. Bobo with a hat containing a concealed audio-video recorder, gave him money, and sent him to complete the transaction with defendant. Mr. Bobo drove into the donut shop parking lot, where defendant met him and delivered 12.5 grams of crack cocaine. Id. ¶¶ 7-8, 10.

A grand jury returned a single-count indictment against defendant on December 9, 2008. Defendant was arrested on January 4, 2009, and taken to the San Francisco County Jail, pending his initial appearance in federal court the following morning. While at the jail he made a series of telephone calls, which were recorded as part of normal jail operations. During these calls, defendant distributed information to his associates about Mr. Bobo and instructed them to "smother that steak" – a phrase that Judge Chen concluded, after an extensive series of detention hearings, to be a threat by defendant against Mr. Bobo's physical safety. Detention Order (Doc. 45) at 3. The phone calls also included references to "super soakers," which Judge Chen found to be coded references to firearms apparently in defendant's possession prior to his arrest. Id. at 2. (Testimony at one of the detention hearings established that the phrase "super soaker" is a coded reference to a high-capacity firearm.) Finally, the recordings of defendant's post-arrest telephone calls contain discussions about moving contraband out of defendant's apartment after his arrest and include unmistakable references to narcotic drugs. PSR ¶ 72.

Prior to trial, the United States filed an information alleging defendant's prior conviction for a felony drug offense, pursuant to 21 U.S.C. § 851 ("851 information"). Doc. 18. In light of

the amount of drugs involved, the filing of this 851 information established a ten-year mandatory minimum prison sentence for defendant's crime. The plea agreement, however, provides for a sentence of eight-and-one-half years. If the Court accepts the plea agreement, the United States has agreed to dismiss the 851 information immediately prior to imposition of sentence, which would allow the Court to impose the 102-month sentence agreed to by the parties. See Plea Agreement ¶ 15 (Doc. 83).

## ARGUMENT

The United States respectfully asks the Court to accept the plea agreement and to impose the sentence specified in the agreement. A 102-month sentence is reasonable and appropriate under 18 U.S.C. § 3553(a) in light of the nature and circumstances of the offense and in light of the history and characteristics of the defendant.

The PSR and the factual discussion above make clear that defendant's criminal conduct has been both deeper and broader than the individual offense – selling a half ounce of crack cocaine – of which he has been convicted here. Defendant is a member of a violent criminal street gang. There is considerable evidence that he has been involved in a range of organized criminal activity. While most of this activity has not resulted in criminal convictions for defendant, the activity is troubling nevertheless. A portion of this activity is summarized in the attached footnote.[1] The government stands ready to provide the Court with further information

---

[1] In approximately 2004, defendant was featured in a segment of a video called "Hood-to-Hood, The Blockumentary," in which he is shown removing an assault weapon from an electrical box on San Francisco Housing Authority property in an area claimed by the Oakdale Mob, then brandishing the weapon while uttering challenges to rival gang members to come through Oakdale Mob territory. In 2004, after receiving an informant's tip that members of the Oakdale Mob were preparing to retaliate for a shooting of two other gang members, the police searched defendant's home, which caused defendant and two fellow gang members to barricade themselves in the bedroom of defendant's then-three-year-old son, with defendant's son and mother in the same room. After the police forced their way into the room, they found a loaded AK-47 assault rifle hidden under defendant's son's bed. The officers found two other guns and a large bag of powder cocaine hidden elsewhere in the room. Charges against defendant were dropped when another of the men eventually took responsibility for the weapons. Also in 2004, a former girlfriend of defendant reported that defendant and a gang of his associates physically stole $3,000 from her in a strong-arm robbery on a Bayview sidewalk. Charges were dropped after the ex-girlfriend subsequently refused to testify.

about defendant's gang-related activities if the Court wishes to consider it in the course of making its decision about whether to accept the plea agreement.

The recorded telephone calls from the day of defendant's arrest in January of this year provide further evidence of criminal activity by defendant. The "super soaker" references on the calls indicate that defendant had one or more high-capacity firearms in his apartment at the time of his arrest. Obviously concerned that the police would search his apartment after his arrest, defendant hastened to have the gun(s) and other contraband moved from his apartment as quickly as possible. Perhaps most troubling of all are defendant's instructions to his associates, captured on the recorded telephone calls immediately in the wake of his arrest, to find and do harm to Deneal Bobo ("smother that steak").

In light of all these considerations, the government strongly believes that a 102-month sentence is fair and reasonable under the law and well warranted by the facts. We respectfully ask the Court to accept the plea agreement and to sentence defendant to 102 months' imprisonment, 4 years' supervised release, and a $100 special assessment.

DATED: December 10, 2009          Respectfully submitted,

                                  JOSEPH P. RUSSONIELLO
                                  United States Attorney


                                  _____/s/_____
                                  ANDREW P. CAPUTO
                                  CHRISTINE Y. WONG
                                  Assistant United States Attorneys